**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DARVIS VARGAS,** | : | **Case No. 1:26-cv-679** |
| **Petitioner,** | : | |
| **vs.** | : | **Judge Michael R. Barrett** |
| **RICHARD K. JONES, *et al.*,** | : | **Magistrate Judge Chelsey M. Vascura** |
| **Respondents.** | : | |

## ORDER

Petitioner Darvis Vargas, through his wife and next friend, has filed a habeas corpus petition in this Court pursuant to 28 U.S.C. § 2241. Vargas argues that his indefinite detention is unconstitutional because his removal to Cuba is not likely to occur in the reasonably foreseeable future, since Cuba is not excepting repatriation of citizens, and because Vargas objects to being removed to Mexico in the alternative. (Doc. 1, 2). This matter is before the Court upon Federal Respondents' Status Report stating that Vargas was released from the custody of Immigration and Customs Enforcement ("ICE") on July 20, 2026, and "suggest[ing] this action is now moot." (Doc. 16). Without more, Respondents' suggestion of mootness is not well taken.

The habeas corpus statute confers upon the federal courts the power to issue writs of habeas corpus to persons "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). This includes challenges by non-citizens in immigration related matters. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001). As noted above, Respondents state that Vargas was released from ICE custody on July 20, 2026. (Doc. 16). A search of publicly available on-line records turned up no record of Vargas being

incarcerated at the Butler County Correctional Complex.[1] And mail recently sent to Vargas at the Butler County Correctional Complex from this Court was returned as undeliverable. (Doc. 19). The question before the Court is whether Vargas's release renders this habeas case moot.

Article III of the United States Constitution limits a federal court's jurisdiction to actual cases or controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) "A case that becomes moot at any point during the proceedings is no longer a Case or Controversy for purposes of Article III, and is outside the jurisdiction of the federal courts. *United States v. Sanchez-Gomez*, 584 U.S. 381, 385-86 (2018) (cleaned up). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (citations omitted). Generally, a habeas petition challenging a petitioner's continued detention by ICE, on the ground that there is no significant likelihood of removal in the reasonably foreseeable future, is rendered moot if the petitioner is released from detention pending his removal from the United States. *See Sanchez v. Att'y Gen., U.S.*, 146 F. App'x 547, 549 (3d Cir. 2005). *See also Willix v. Holder*, No. 1:11-cv-894, 2012 WL 463830, at *1 (W.D. Mich. Jan. 24, 2012). Thus, "[t]o obtain habeas relief following release from custody, 'a petitioner must demonstrate he was in custody at the time he filed the petition *and* his release did not render the petition moot.'" *Diallo v. Adducci*, 444 F. Supp. 3d 815, 819 (N.D. Ohio 2020) (emphasis added) (quoting *Spencer*, 523 U.S. at 7).

When a petitioner additionally challenges the prospect that he may be re-detained in the future, his release does not necessarily render his case moot. *See Rosales-Garcia v. Holland*, 322

---

[1] Viewed at https://butler.miamivalleyjails.org/SEARCHJAIL.ASPX?KZCMD=BACK&LAST_NAME_1=VARGAS&FIRST_NAME_1=DARVIS&AGENCY_ID_4=65235&KzSearchPageControl1_Sor

F.3d 386, 395-97 (6th Cir. 2003) (holding that petitioner's release from detention did not constitute a termination of detention, only a reprieve from detention, because petitioner's immigration parole could be revoked by immigration officials at any time for almost any reason); *Marfo v. Raycraft*, No. 2:26-cv-01293, 2026 WL 2017177, at *4 (N.D. Ohio July 13, 2026) (granting preliminary injunction to prevent removal so district court could "expeditiously" consider whether the petitioner's release from ICE custody pending his removal rendered his case moot). *Cf. Diallo*, 444 F. Supp. 3d at 821-22 (granting government's motion to dismiss 2241 petition as moot because the petitioner was released from immigration custody *and* because there was no reasonable expectation that the petitioner would be subject to the same indefinite detention again).

In this habeas action, Vargas sought release from detention. It appears that he has achieved that result. But Vargas also seeks an order prohibiting future detention. (Doc. 17, at 81; Doc. 18, at 96). The record and pleadings before this Court are insufficient for the Court to determine whether Vargas's release can be revoked by ICE at any time for almost any reason. "[T]he burden of proving a matter has become moot falls upon the party claiming mootness—a burden the Supreme Court has described as 'a heavy one.'" *Sy v. Immigration and Customs Enforcement*, No. 4:19-cv-894, 2020 WL 5821516, at *3 (N.D. Ohio Jan. 15, 2020) (citing *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979)). Federal Respondents have not sustained their burden of proving that this habeas action is moot.

That being so, Federal Respondents are **ORDERED**, **within thirty (30) days** of the date of this Order, to **FILE** a more detailed motion to dismiss for mootness and to **ATTACH**

---

tBy=FULL_NAME search for Petitioner's name, Darvis Vargas.

supporting documentation, including but not limited to any order for Vargas's release and any document(s) listing conditions of Vargas's release, parole, or supervision. Federal Respondents are **further ORDERED** to serve their motion to dismiss on Vargas and Vargas's next friend/interested party, Daysi Evora, at 213 Morris Avenue, Hamilton, Ohio, 45011. Vargas shall have **twenty-one (21) days** from the date any motion to dismiss is served to **FILE** a memorandum in response. Federal Respondents will have **fourteen (14) days** from the date any memorandum in response is filed to **FILE** a Reply.

The Clerk is **DIRECTED** to send a copy of this Order to Vargas and Vargas's next friend/interested party, Daysi Evora, at 213 Morris Avenue, Hamilton, Ohio, 45011.

**IT IS SO ORDERED.**

August 18, 2026

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
United States Magistrate Judge